KING & SPALDING

King & Spalding LLP
1100 Louisiana St., Suite 4100
Houston, TX 77002-5213
Tel: +1 713 751 3200
Fax: +1 713 751 3290
www.kslaw.com

Sara Brinkmann
Partner
Direct Dial: +1 713 751 3279
Direct Fax: +1 713 751 3290
sbrinkmann@kslaw.com

June 2, 2023

**VIA ELECTRONIC MAIL AND CM/ECF**

John R. Thomas
Hafeman, Magee & Thomas
P.O. Box 8877
Roanoke, VA 24014

**Re:** Cause No. 3:22-CV-00059, *United States ex rel. Dr. Cindy Buckmaster v. Baylor College of Medicine*, United States District Court for the Southern District of Texas, Galveston Division

Dear Mr. Thomas:

Pursuant to Rule 6 of the Galveston Division Rules of Practice and Federal Rule of Civil Procedure 15(a)(1)(B), Defendant Baylor College of Medicine ("BCM") writes to inform you of Relator Cindy Buckmaster's ("Relator") right to amend the Amended Complaint (ECF No. 13) filed by Relator on behalf of the United States. The amended pleading must be filed within 21 days of the date of this letter. This letter functions as "service of a motion under Rule 12(b)" within the meaning of Rule 15(a)(1)(B). *See* Gal. Div. R. Prac. 6.

This letter also serves to memorialize the basis for BCM's expected motion to dismiss, which we discussed during the meet and confer conference held on May 30, 2023.

## I. PROCEDURAL HISTORY AND AMENDED COMPLAINT

Relator originally filed this *qui tam* action on Deccember 9, 2021 (ECF No. 1). The United States declined to intervene on December 14, 2022, and, on January 9, 2023, the Court unsealed the case and directed Relator to serve BCM. (ECF Nos. 8 and 9). On March 20, 2023, Relator's counsel sent BCM a draft version of a Amended Complaint. On April 3, 2023, Relator filed its Amended Complaint.

Relator alleges that BCM violated the False Claims Act ("FCA") by: (1) knowingly presenting false claims for payment (31 U.S.C. § 3729(a)(1)(A)); (2) knowingly making or using false records or statements material to false claims (31 U.S.C. § 3729(a)(1)(B)); and (3) knowingly making, using, or causing to be made false records or statements material to an obligation to pay or transmit money or property to the Government (31 U.S.C. § 3729(a)(1)(G)). Relator also alleges a statutory claim of unlawful retaliation by BCM (31 U.S.C. § 3730(h)).

Relator specifically claims that BCM falsely certified to the Government that its biomedical research on certain animal subjects was compliant with the Animal Welfare Act, 7 U.S.C. § 2131 *et seq*., the Health Research Extension Act of 1985, 42 U.S.C. § 289 *et seq.*, and both statutes' implementing regulations, 9 C.F.R. § 1.1 *et seq.*, for the purpose of continuing to receive biomedical research grants.

Relator's allegations have no basis in fact or law as pleaded and should be dismissed for the following reasons.

## II. BASIS FOR MOTION TO DISMISS UNDER RULE 12(b)(6)

### A. The Amended Complaint is Barred Because the Allegations are Based on Information That Has Been Publicly Disclosed.

The public disclosure bar of the False Claims Act prohibits a *qui tam* suit from proceeding if "substantially the same allegations or transactions as alleged in the action or claim . . . were publicly disclosed" unless the relator can show that she is an "original source" of the allegations. 31 U.S.C. § 3730(e)(4)(A); *see also United States ex rel. Jamison v. McKesson Corp.*, 649 F.3d 322, 327 (5th Cir. 2011). The standard for triggering the public disclosure bar is "not onerous." *Vaughn v. Harris Cnty. Hosp. Dist.*, No. 4:17-CV-2749, 2021 WL 8129737, at *12 (S.D. Tex. Aug. 4, 2021), *amended in part*, No. 4:17-CV-2749, 2021 WL 8129671 (S.D. Tex. Dec. 16, 2021), *and report and recommendation adopted*, No. 4:17-CV-02749, 2022 WL 1165146 (S.D. Tex. Apr. 20, 2022). In fact, a complaint must be dismissed where the allegations are just "partly based upon publicly disclosed allegations or transactions." *United States ex rel. Schweizer v. Canon, Inc.*, 9 F.4th 269, 275 (5th Cir. 2021).

Years before Relator filed her Original Complaint and her subsequent Amended Complaint, the alleged conduct, or conduct that is substantially the same as she alleges, was disclosed publicly through multiple qualifying sources, including in federal reports created from federal government agency responses to Freedom of Information Act requests, in public media sources, and even on public websites. 31 U.S.C. § 3730(e)(4). The allegations in the Amended Complaint are based on those public disclosures. Further, Relator is not an "original source" of the information because her contributions do not "demonstrate a new and undisclosed relationship between disclosed facts" or otherwies put "a government agency 'on the trail' of fraud where that fraud might otherwise go undetected." *United States ex rel. Rigsby v. State Farm Fire & Cas. Co.*, 794 F.3d 457, 473 (5th Cir. 2015) (internal citations omitted), *aff'd sub nom, State Farm Fire & Cas. Co. v. U.S ex rel. Rigsby*, 580 U.S. 26, 137 (2016). At most, the allegations in the Amended Complaint merely re-hash previously disclosed information.

Thus, the Fifth Circuit standard for applying the public disclosure bar is met in this case, and Relator's Amended Complaint should be dismissed. *United States ex rel. Colquitt v. Abbott Labs.*, 858 F.3d 365, 373 (5th Cir. 2017).

**B. The Amended Complaint Fails to Plead Falsity Under Rule 9(b).**

Further, the Amended Complaint fails to plead falsity with particularity, which is required under Rule 9(b), and does not provide fair notice to BCM of the alleged fraud. *See United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180 (5th Cir. 2009). The Amended Complaint fails to state what claim it alleges BCM actually submitted that was purportedly false, and it fails to provide particualr details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted. *See id.* at 190-91. Specifically, it fails to: (i) link any allegations of material noncompliance with the submission of a false claim; (ii) allege the particular details of the who, what, when, where, and how of the alleged fraud or fraudulent claim, or (iii) provide specifc details to show that BCM was engaged in a fraudulent scheme that would lead to an inference that false claims were actually submitted. In addition, the Amended Complaint alleges instances of noncompliance with a government agency guidance document, which cannot form the basis of an FCA enforcement action. *See, e.g.*, Issuance and Use of Guidance Documents by the Department of Justice, Mem. Att'y Gen. (Jul. 1, 2021) at 1-2, *available at*, https://www.justice.gov/opa/page/file/1408606/download.

**C. The Amended Complaint Fails to Plead Materiality.**

The Amended Complaint also fails to plead facts sufficient to establish that BCM's alleged misrepresentations about compliance were material to the Government's payment decisions. *See Universal Health Servs., Inc. v. United States ex rel. Escobar*, 579 U.S. 176, 193 (2016) ("As noted, a misrepresentation about compliance with a statutory, regulatory, or contractual requirement must be material to the Government's payment decision in order to be actionable under the False Claims Act."). The Amended Complaint's allegations that BCM's alleged noncompliance with Office of Laboratory Animal Welfare ("OLAW") guidance was material to the Government's payment decision are conclusory and not supported by plausible facts.

Relator admits that the Government made repeated decisions to continue to pay grants for research to BCM, even after it learned of instances of the alleged noncompliance and after placing it on enhanced reporting. For example, the Amended Complaint alleges that OLAW became aware of certain noncompliances by BCM's animal research program as early as April 2017. *See* First Am. Compl. at ¶ 120. Relator further alleges that OLAW "placed BCM on enhanced reporting" for noncompliances in July 2018. *Id.* at ¶ 123. Yet, despite OLAW's awareness of what it described as "ongoing serious programmatic noncompliance," Relator concedes that OLAW paid "over $55 million" to the allegedly noncompliant labs between placing BCM on enhanced reporting and the filing of the Amended Complaint in 2023. *Id.* at ¶ 125. Moreover, OLAW continues to pay grant monies to BCM's animal research programs even after it had the opportunity to investigate the allegations in Relator's Original Complaint, which was filed in December 2021.

After *Escobar*, Relator's burden to establish materiality is heightened where, as here, the Government continues to pay claims after learning of the alleged fraud. *See United States ex rel. Harman v. Trinity Indus. Inc.*, 872 F.3d 645, 663 (5th Cir. 2017) (holding that evidence of continued payment by the Government after it learns of the alleged fraud "substantially increases the burden on the relator in establishing materiality"). Relator's generalized and conclusory allegations that BCM's purported noncompliance was "material," when Relator's Amended Complaint simultaneously acknowledges that the Government knew about these instances of noncompliance but continued to pay, are insufficient under Rule 9(b).

**D. Relator's Retaliation Claim Fails for Numerous Reasons.**

The Amended Complaint is similarly devoid of any facts demonstrating that BCM retaliated against Relator. To sufficiently plead an FCA retaliation claim, a relator must allege (1) that she engaged in protected activity; (2) that her employer knew about the protected activity; and (3) that she was retaliated against because of her protected activity. *United States ex rel. Bias v. Tangipahoa Par. Sch. Bd.,* 816 F.3d 315, 323 (5th Cir. 2016). The Amended Complaint fails to plead any of these elements adequately.

At most, the Amended Complaint alleges that Relator informed BCM officials "that BCM was allowing unauthorized, untrained, and unqualified officials to perform surgeries." First Am. Compl. at ¶¶ 161–163. That allegation is insufficient to plead unlawful retaliation because it does not qualify as "protected activity" under the False Claims Act. To be considered "protected activity," the activity must be "in furtherance of uncovering fraud or potential fraud against the Government." 31 U.S.C. § 3730(h)(1). At no point does Relator allege that she expressed concerns related to fraud against the government. Nor does Relator allege that BCM knew that she had expressed such concerns. Furthermore, Relator's conclusory assertion that BCM took retaliatory action against her because she had informed the Dean that she would consider "any adverse action" taken against her "to be in retaliation" is not sufficient to plead that her activities were the "but-for" cause of her termination. *See Miniex v. Houston Hous. Auth.*, 400 F. Supp. 3d 620, 647 (S.D. Tex. 2019), judgment entered, No. CV 4:17-00624, 2019 WL 10892215 (S.D. Tex. Sept. 16, 2019) ("An FCA relatiation plaintiff must demonstrate her protected activities were the but for cause of her employer's adverse actions.") (internal citations omitted). The Amended Complaint should be dismissed because it fails to plead each element of a retaliatory discharge claim.

## III. CONCLUSION

For the foregoing reasons, BCM anticipates filing a Motion to Dismiss in accordance with this Court's rules. *See* Gal. Div. R. Prac. 6.

Sincerely,

Sara Brinkmann

Sara Brinkmann

cc: Adam Robison, King & Spalding LLP
Brandt Leibe, King & Spalding LLP
Oliver Thoma, King & Spalding
Renée Brooker, Tycko & Zavareei LLP
Eva Gunasekera, Tycko & Zavareei LLP
Lauren Kuhlik, Tycko & Zavareei, LLP
John Kolar, Government Accountability Project
Jill O. Venezia, Assistant United States Attorney for the Southern District of Texas

**CERTIFICATE OF SERVICE**

I hereby certify that on June 2, 2023, I electronically filed the foregoing Certificate with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who have consented to electronic notification.

*/s/ Sara Brinkmann*
Sara Brinkmann