**EXHIBIT 36**

**Office of the Attorney General**
**Washington, D.C. 20530**

July 1, 2021

MEMORANDUM FOR: HEADS OF ALL DEPARTMENT COMPONENTS

FROM: THE ATTORNEY GENERAL

SUBJECT: ISSUANCE AND USE OF GUIDANCE DOCUMENTS BY THE DEPARTMENT OF JUSTICE

This Memorandum revises and clarifies the principles that should govern the issuance and use of guidance documents by the Department of Justice.

## I. Introduction

A guidance document is a statement of general applicability issued by an agency to inform the public of its policies or legal interpretations. Guidance documents may take a variety of forms, including certain interpretive memoranda and manuals, policy statements, opinion letters of general applicability, and other similar materials. As it is used here, the term "guidance document" does not include legislative rules; adjudicatory or administrative actions; rulings; legal advice or trainings directed at other federal agencies; internal policies and guidelines; or litigation filings.

By definition, guidance documents "do not have the force and effect of law." *Perez v. Mortgage Bankers Ass'n*, 575 U.S. 92, 97 (2015) (quoting *Shalala v. Guernsey Mem'l Hosp.*, 514 U.S. 87, 99 (1995)). Unlike rules promulgated through the notice and comment process, therefore, guidance documents do not bind the public and are not treated as binding by the courts. But guidance documents still serve many valuable functions. For example, interpretive guidance can "'advise the public' of how the agency understands, and is likely to apply, its binding statutes and legislative rules." *Kisor v. Wilkie*, 139 S. Ct. 2400, 2420 (2019) (plurality opinion) (quoting *Perez*, 575 U.S. at 97). Guidance may also help explain an agency's programs and policies or communicate other important information to regulated entities and the public. Guidance can collect related statutes, regulations, and other requirements in a single place. And guidance materials often convey important information to the public in language that is clearer and more accessible than the underlying statutes and regulations. Guidance documents can thus serve as an important tool to promote transparency, fairness, and efficiency.

## II. Rescission of previous Memoranda

Two recent Memoranda substantially changed the Department's traditional approach to guidance documents by establishing new review and approval conditions, and by placing additional restrictions and requirements on both publishing and relying on agency guidance. *See* Memorandum from the Attorney General, *Prohibition on Improper Guidance Documents* (Nov.

16, 2017) ("November 2017 Memorandum"); Memorandum from the Associate Attorney General, *Limiting Use of Agency Guidance Documents in Affirmative Civil Enforcement Cases* (Jan. 25, 2018) ("January 2018 Memorandum"). Changes consistent with these memoranda were incorporated into the Justice Manual in 2018 and the Code of Federal Regulations in 2020. *See* JM 1-19.000; JM 1-20.100 to 1-20.205; 28 C.F.R. §§ 50.26 and 50.27 (2020). As explained in an Interim Final Rule being issued contemporaneously with this Memorandum, the procedures imposed by the November 2017 and January 2018 Memoranda are overly restrictive; the Memoranda and the implementing regulations have discouraged the development of valuable guidance; and the Memoranda and regulations have also generated collateral disputes and otherwise hampered Department attorneys when litigating cases where there is relevant agency guidance.

By this Memorandum, I am rescinding the November 2017 and January 2018 Memoranda. I further direct the Department to initiate the process to revise the Justice Manual to be consistent with this Memorandum, which sets forth the Department's policy regarding the issuance and use of guidance documents.

## III. Principles for issuing and using guidance documents

Going forward, including in all currently pending litigation, the following principles should govern the Department's issuance of guidance documents and, as appropriate, the Department's use of guidance documents issued by both the Department and other agencies:

- The Department's guidance documents should be drafted with the recognition that they do not bind the public (except where binding by operation of a grant award or contract) or have the force and effect of law. Guidance documents may, however, set forth the Department's interpretation of binding regulations, statutes, and constitutional provisions. To reflect this distinction, Department components shall, to the greatest extent practicable: (i) label a document as guidance when it is intended as such; and (ii) cite the source of any binding legal requirements the guidance is describing.

- In the enforcement context, an agency guidance document by itself "never forms 'the basis for an enforcement action'" because such documents cannot "impose any 'legally binding requirements' on private parties." *Kisor*, 139 S. Ct. at 2420 (plurality opinion) (citation omitted). Instead, enforcement actions must be based on the failure to comply with a binding obligation, such as one imposed by the Constitution, a statute, a legislative rule, or a contract. *See, e.g.*, *id.* But Department attorneys handling an enforcement action (or any other litigation) may rely on relevant guidance documents in any appropriate and lawful circumstances, including when a guidance document may be entitled to deference or otherwise carry persuasive weight

with respect to the meaning of the applicable legal requirements. *See id.*; *see also id.* at 2424–25 (Roberts, C.J., concurring in part). To the extent guidance documents are relevant to claims or defenses in litigation, Department attorneys are free to cite or rely on such documents as appropriate.

- The Department's guidance documents should be clear, transparent, and readily accessible to the public. Department components are free to post guidance and other public-facing materials on their own websites. In addition, whenever practicable, Department components should continue posting materials to the Department's Online Guidance Portal, https://www.justice.gov/guidance; guidance documents posted there should contain unique numbers and include issuance and revision dates. While the Guidance Portal is intended for guidance documents, Department components may submit to the portal other public-facing materials that are published elsewhere when the publication of those materials on the Guidance Portal would benefit the public.

- The Department's guidance documents should reflect the breadth of expertise within the Department and should be drafted in a way that does not create inconsistencies among different components. I am directing the Office of Legal Policy to work with all relevant Department components to develop recommendations for an appropriate procedure to accomplish these goals. Those recommendations will be submitted to the Office of the Deputy Attorney General and the Office of the Attorney General for review and concurrence three months from the date of this Memorandum.

This Memorandum provides internal Department direction only. It is not intended to, does not, and may not be relied upon to create any rights, substantive or procedural, enforceable by law by any party in any matter or proceeding. Nor does it place any limitations on otherwise lawful litigation prerogatives of the Department of Justice.