**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA ex rel. DR. CINDY BUCKMASTER,** | ) | |
| **Plaintiff-Relator,** | ) | |
| | ) | **Civil Action No. 3:22-cv-00059** |
| **v.** | ) | |
| **BAYLOR COLLEGE OF MEDICINE,** | ) | |
| **Defendant.** | ) | |

# DEFENDANT BAYLOR COLLEGE OF MEDICINE'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS RELATOR'S AMENDED COMPLAINT

# TABLE OF CONTENTS

INTRODUCTION .......... 1

ARGUMENT .......... 2

I. The FCA's Public Disclosure Bar Forecloses Relator's Amended Complaint .......... 2

A. Relator Cannot Rely on Allegations Not Pleaded in the Amended Complaint to Avoid Dismissal .......... 2

B. The Qualifying Public Disclosures Include Substantially the Same Allegations or Transactions as Relator's Amended Complaint .......... 4

C. Relator is Not an Original Source .......... 7

II. Relator's Theory of Fraud Fails to Plead an Actionable FCA Claim .......... 8

III. Relator's Amended Complaint Fails to Plead Fraud With Particularity .......... 9

IV. Relator Fails to Plead Materiality .......... 11

V. Relator Fails to Respond to BCM's Argument That The Amended Complaint Fails to Plead Scienter .......... 13

VI. Relator Fails to Plead Retaliation .......... 14

CONCLUSION .......... 15

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*U.S. ex rel. Briseno v. Hillcroft Med. Clinic Ass'n*,
No. 4:20-CV-02871, 2022 WL 17417178 (S.D. Tex. Dec. 5, 2022).............. 11, 14, 15

*Daunt v. Benson*,
999 F.3d 299 (6th Cir. 2021) .......................................................................... 3

*U.S. ex rel. Gage v. Davis S.R. Aviation, L.L.C.*,
658 F. App'x 194 (5th Cir. 2016) ..................................................................... 3

*Gregory G. v. Hous. Indep. Sch. Dist.*,
No. CV H-14-2768, 2016 WL 5661701 (S.D. Tex. Sept. 30, 2016) ........................... 11

*U.S. ex rel. Grubbs v. Kanneganti*,
565 F.3d 180 (5th Cir. 2009) ........................................................... 4, 9, 10, 11

*U.S. ex rel. Harman v. Trinity Indus. Inc.*,
872 F.3d 645 (5th Cir. 2017) ......................................................................... 12

*Immanuel v. Cable News Network, Inc.*,
618 F. Supp. 3d 557 (S.D. Tex. 2022) ............................................................ 15

*Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*,
920 F.3d 890 (5th Cir. 2019) ........................................................................... 3

*U.S. ex rel. King v. Solvay S.A.*,
No. CIV.A. H-06-2662, 2015 WL 925612 (S.D. Tex. Mar. 3, 2015) ........................... 6

*U.S. ex rel. Ligai v. ETS-Lindgren Inc.*,
No. CIV.A. H-112973, 2014 WL 4649885 (S.D. Tex. Sept. 16, 2014) ...................... 15

*U.S. ex rel. Lockey v. City of Dallas*,
576 F. App'x 431 (5th Cir. 2014) ................................................................. 7, 8

*Modelist v. Miller*,
445 F. App'x 737 (5th Cir. 2011) ..................................................................... 3

*U.S. ex rel. Patel v. Cath. Health Initiatives*,
792 F. App'x 296 (5th Cir. 2019) ................................................................... 12

*U.S. ex rel. Porter v. Magnolia Health Plan, Inc.*,
810 F. App'x 237 (5th Cir. 2020) ........................................................................ 12

*U.S. ex rel. Schutte v. SuperValu Inc.*,
143 S. Ct. 1391 (2023) .................................................................................... 13

*U.S. ex rel Solomon v. Lockheed Martin Corp.*,
878 F.3d 139 (5th Cir. 2017) ........................................................................ 5, 6

*Stennett v. Premier Rehab.*,
LLC, 479 F. App'x 631 (5th Cir. 2012) ......................................................... 14

*Terry Black's Barbecue, L.L.C. v. State Auto. Mut. Ins. Co.*,
22 F.4th 450 (5th Cir. 2022) ......................................................................... 5, 7

*Universal Health Servs., Inc. v. U.S. ex rel. Escobar*,
136 S. Ct. 1989 (2016) ............................................................................. 11, 13

**Statutes**

31 U.S.C. § 3730(e)(4)(A) ....................................................................... 1, 5, 8

31 U.S.C. § 3730(e)(4)(A-B) ................................................................................. 7

31 U.S.C. § 3730(e)(4)(B) ..................................................................................... 1, 7

31 U.S.C. § 3730(h) .............................................................................................. 14

The False Claims Act, 31 U.S.C. § 3729-33 ............................................... *passim*

FOIA ........................................................................................................................ 5

**Other Authorities**

Fed. R. Civ. P. 9(b) ........................................................................................ 1, 4, 11

Fed. R. Civ. P. 12 (b)(6) ........................................................................................ 1, 4

The PHS Policy, *available at* https://olaw.nih.gov/policies-laws/phs-
policy.htm#1 ............................................................................................................ 9

## INTRODUCTION

Relator Dr. Cindy Buckmaster's ("Relator") Response to Defendant Baylor College of Medicine's ("BCM") Motion to Dismiss (ECF No. 26) (the "Response") does nothing to alter the conclusion that Relator's Amended Complaint is barred by the False Claims Act's ("FCA"), 31 U.S.C. § 3729-33, public disclosure bar and fails to meet the pleading standards under Rules 12(b)(6) and 9(b).

The Response misapplies Fifth Circuit precedent by arguing that the dozens of qualifying public disclosures produced alongside BCM's Motion to Dismiss (ECF No. 25), which disclosed substantially the same conduct upon which Relator bases her fraud claims in the Amended Complaint, do not trigger the public disclosure bar. 31 U.S.C. § 3730(e)(4)(A) (requiring dismissal of a *qui tam* action where "substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed" in qualifying sources, which include news articles and Federal reports). The qualifying public disclosures produced by BCM with its Motion to Dismiss meet that standard easily. *See* ECF No. 25 at 15-18. Further, as Relator appears to concede in her Response, she is not an original source. *See* 31 U.S.C. § 3730(e)(4)(B).

Relator's Response likewise fails to meaningfully address, let alone cure, the multitude of threadbare and conclusory allegations in the Amended Complaint and, instead, repeats them verbatim. The Response does not change the fact that the Amended Complaint fails to plead an actionable basis for an FCA suit and fails to plead fraud with the particularity required by Rule 9(b). Finally, the Response fails to rebut BCM's

argument that the Amended Complaint does not plead the essential elements of a retaliation claim under the FCA. For these reasons, and for the reasons set forth in BCM's Motion to Dismiss (ECF No. 25) the Court should dismiss the Amended Complaint with prejudice.

## ARGUMENT

### I. The FCA's Public Disclosure Bar Forecloses Relator's Amended Complaint

The Response argues that the Amended Complaint is not based upon publicly disclosed information because: (i) "Relator has produced numerous documents to the Government that were previously unknown" (Resp. at 13); (ii) Relator was "the central figure in BCM's animal research" permitting her "to provide critical information" regarding "BCM's fraudulent activities" (Resp. at 14); and (iii) Relator provided the "crucial link" tying BCM's conduct to the allegedly fraudulent transactions (Resp. at 14). Second, Relator argues that dismissal under the public disclosure bar is inappropriate "at this time" because she apparently has provided more information to the Government that is still unknown to BCM or the Court because "discovery has not commenced" (Resp. at 15-16). Each argument is insufficient to avoid dismissal under the public disclosure bar.

#### A. Relator Cannot Rely on Allegations Not Pleaded in the Amended Complaint to Avoid Dismissal

Relator cannot avoid dismissal under the public disclosure bar, or escape her pleading obligations under Rule 12(b)(6) and 9(b), by making vague references to "overwhelming information" that she baldly asserts exists, but provides no detail or specificity about what that information might contain. Relator admits the "overwhelming information:" (1) is not included in her Amended Complaint; (2) is still unknown to BCM

or the Court; and (3) was disclosed to the Government, which determined it would not intervene in this matter. *See* Resp. at 13 n. 1, 16.

In determining whether a plaintiff's claims can survive a Motion to Dismiss, a court is confined to considering: "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019) (internal citations omitted); *see also U.S. ex rel. Gage v. Davis S.R. Aviation, L.L.C.*, 658 F. App'x 194, 198 (5th Cir. 2016) (affirming dismissal of a *qui tam* action, in part, because of relator's failure to show how certain facts not pleaded in the complaint would have cured pleading deficiencies). At the motion to dismiss stage, a court may not "conjure up" facts that a plaintiff declined to plead and then "draw inferences from them." *Daunt v. Benson*, 999 F.3d 299, 309 (6th Cir. 2021); *see also Modelist v. Miller*, 445 F. App'x 737, 739 (5th Cir. 2011) ("[W]e will not 'strain to find inferences favorable to the plaintiffs' nor 'accept conclusory allegations, unwarranted deductions or legal conclusions.'").

If Relator had additional information that would support her allegations, sufficient to overcome the public disclosure bar and meet the federal pleading standards, Relator could have amended the complaint to include that information. Relator's omission of this information is particularly glaring considering the time and opportunity Relator had to amend her pleadings to include it. Per the requirements of Gal. Div. R. Prac. 6, counsel for BCM conferred with Relator's counsel about the expected basis for BCM's forthcoming Motion to Dismiss and informed Relator's counsel by letter of Relator's right

to amend the pleadings within 21 days. ECF No. 21. During the conference and in BCM's meet and confer letter to Relator, BCM noted that it intended to move to dismiss the Amended Complaint under Rules 12(b)(6) and 9(b), including under the public disclosure bar. *Id.* at ¶ II.A. Instead of amending her pleadings to provide details of the "numerous documents" that Relator says she provided to the Government, Relator elected to wait to reference the additional information until she filed her Response. *See* Resp. at 10. But Relator's two vague references to the purported "overwhelming information" do not cure the deficiencies of the Amended Complaint as written, nor are those vague references sufficient to allow Relator to escape her obligation to plead fraud with particularity as required by Rule 9(b) and Fifth Circuit precedent. *See, e.g.*, *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 190 (5th Cir. 2009) (finding that Rule 9(b)'s heightened pleading standard requires plaintiffs to provide defendants with fair notice of the plaintiffs' claims, protects defendants from harm to their reputation and goodwill, reduces the number of strike suits, and prevents plaintiffs from filing baseless claims then attempting to discover unknown wrongs, which plaintiff must meet ***before*** getting a "ticket to the federal discovery apparatus.").

### B. The Qualifying Public Disclosures Include Substantially the Same Allegations or Transactions as Relator's Amended Complaint

Relator next contends the Amended Complaint is not "based upon" the publicly disclosed information produced with BCM's Motion to Dismiss because she: (1) produced "substantial additional evidence which has not been publicly disclosed;" and (2) provided information regarding the "link" between BCM's alleged failure to comply with The PHS

Policy and the submission of false claims to the Government, which she contends is not discussed in the public disclosures. *Id*. at 13-14.[1]

To show that a complaint is "based upon" a public disclosure, a defendant need only show the qualifying disclosure include the misrepresented state of facts ("X") and the true state of facts ("Y") that together give rise to an inference of fraud ("Z"). *See U.S. ex rel. Solomon v. Lockheed Martin Corp.*, 878 F.3d 139, 144 (5th Cir. 2017) (internal citations omitted). The disclosures BCM described and included in its Motion to Dismiss reveal both the "X" and "Y"—namely, the specific categories of "ongoing serious programmatic noncompliance" in BCM animal research laboratories that Relator relies upon in her Amended Complaint and the fact that BCM was receiving "federally funded animal research" grants. *See* ECF No. 25 at 15. Together, these allow the Government to infer "Z," the purported fraud of submitting "institutional assurances and certifications" to receive Federal grants. *See* Resp. at 16. For example, one FOIA report dated November 2019 includes assertions that a surgeon was operating on mice without "all the training requirements completed and without a proficiency assessment." *See* ECF No. 25-15. The disclosures also provide information regarding funding BCM received from Government grants that would link between BCM's alleged failure to comply with The PHS Policy and the submission of false claims to the Government. For example, the 2018 *Washington Post*

---

[1] Relator does not contest BCM's arguments that the news media and federal reports attached to the Motion to Dismiss are qualifying sources of public disclosures as defined in 31 U.S.C. § 3730(e)(4)(A). *See* ECF No. 25 at 15, 18. Thus, for the purpose of the Motion to Dismiss, she has conceded the issue. *See Terry Black's Barbecue, L.L.C. v. State Auto. Mut. Ins. Co.*, 22 F.4th 450, 459 (5th Cir. 2022) ("A plaintiff abandons claims when it fails to address the claims or oppose a motion challenging those claims.")

article describes OLAW's decision to place BCM on enhanced reporting and notes that OLAW "regulates federally funded animal research." *See* ECF No. 25-5. The disclosures provide detailed descriptions of BCM's activities in its animal research labs, including accusations that BCM's labs deviated from the guidelines in The PHS Policy. It does not matter that the disclosures do not "directly state that the highlighted activities could result in false claims," because they contain more than enough information for the Government to infer that fraudulent activity may have been occurring, which is all that is required to trigger the bar. *See U.S. ex rel. King v. Solvay S.A.*, No. CIV.A. H-06-2662, 2015 WL 925612, at *8 (S.D. Tex. Mar. 3, 2015); *see also Solomon*, 838 F.3d at 146. They are more than sufficient to "set the government on the trail of the fraud." *Id.* at 144.

Relator also contends inexplicably that the qualifying sources of public disclosures produced by BCM do not "tie BCM to the fraudulent transactions." Resp. at 15. Relator suggests that "looking only to publicly disclosed documents produced by Defendants, any number of people or institutions could be at fault." *Id.* Relator either failed to read the news articles and Government reports included in BCM's Motion to Dismiss or is intentionally ignoring them. The public disclosures included in the Appendix to BCM's Motion to Dismiss ***identify BCM by name*** and tie it to allegations or transactions that are substantially the same as those asserted by Relator in the Amended Complaint. *See* ECF Nos. 25-4–25-39 (identifying BCM by name). Regardless, under Fifth Circuit law, the public disclosures do not need to "tie BCM to the fraudulent transactions" as long as they include facts giving rise to "an inference of fraud." *See Solomon*, 838 F.3d at 146. Here, the news articles and Government reports undeniably qualify as public disclosures because

they are news media sources and Federal reports. *See* ECF No. 25 at 15, 18. As a result, the bar applies, and Relator's claims should be dismissed.

### C. Relator is Not an Original Source.

Because BCM has identified public disclosures upon which Relator's action is based, the burden shifts to Relator to establish that she is an "original source" of the public disclosures in the manner defined by the statute. *U.S. ex rel. Lockey v. City of Dallas*, 576 F. App'x 431, 435 (5th Cir. 2014). Relator's Response fails to address, or even mention, BCM's arguments that Relator failed to plead that she is an "original source." *See* ECF No. 25 at 21-24. By failing to oppose BCM's assertions, Relator has abandoned any claim that she is an "original source" of the information as required by the public disclosure bar. *See Terry Black's Barbecue, L.L.C.*, 22 F.4th at 459 (holding that failure to oppose a Motion to Dismiss addressing a claim results in abandonment of the claim); *see also* 31 U.S.C. § 3730(e)(4)(A-B) ("The court shall dismiss an action or claim . . . if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed . . . unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.").

Relator likely remained silent on this point because she cannot be an original source for two independent reasons. First, Relator did not voluntarily disclose information about the allegations in her Amended Complaint "to the Government" "prior to a public disclosure." 31 U.S.C. § 3730(e)(4)(B) In fact, the Amended Complaint makes clear that Relator shared her concerns for the first time at a BCM IACUC meeting on September 19, 2019, ***28 days after*** the *Washington Post* article was published regarding BCM being

placed on "enhanced reporting," and ***three days after*** the PETA press release regarding researchers failing to follow procedures. Am. Compl. at ¶ 165. Second, the Amended Complaint does not provide "additional compelling fact[s]" that are "independent of and materially add[] to" concerns of non-compliance at BCM's animal research program. 31 U.S.C. § 3730(e)(4)(A).

Relator contends she "produced substantial additional evidence which has not been publicly disclosed" including "numerous documents to the government that were previously unknown." Resp. at 13. Relator additionally argues that she "uncovered" the "reality BCM knowingly failed to institute any mechanism to actually prevent untrained researchers" from conducting surgeries, and that this materially adds to the public disclosures. *Id.* at 14. It does not. A relator is not an original source when her investigation does not "translate the publicly disclosed information 'into some additional compelling fact' or 'demonstrate a new and undisclosed relationship between disclosed facts.'" *Lockey*, 576 F.App'x at 437 (internal citations omitted). BCM's Motion to Dismiss shows that Relator has added nothing to the publicly disclosed information, but instead restates and relies on substantially the same information that was publicly available before she ever raised concerns about BCM's animal research program to support her fraud allegations. *See* ECF No. 25-2, p. 2-30.

## II. Relator's Theory of Fraud Fails to Plead an Actionable FCA Claim

Relator fails to rebut BCM's argument that the Amended Complaint does not plead an actionable FCA claim because Relator's fraud theory rests on BCM's submission of a false Animal Welfare Assurance and its purported noncompliance with The PHS Policy.

Since The PHS Policy is an agency guidance document, failure to follow it cannot form the basis for an enforcement action, like a *qui tam* suit. *See* ECF No. 25 at 27-28 (citing Issuance and Use of Guidance Documents by the Department of Justice, Mem. Att'y Gen. (Jul. 1, 2021) at 2). And contrary to Relator's representation, the Animal Welfare Assurance is specific to compliance with The PHS Policy. *See* https://olaw.nih.gov/policies-laws/phs-policy.htm#1 (defining the Animal Welfare Assurance as "The documentation from an institution assuring institutional compliance with this Policy."). Even so, Relator has not and cannot: (1) point to any false Animal Welfare Assurance of compliance with The PHS Policy or any of the underlying statutory and regulatory framework that BCM submitted to the government; or (2) provide details of a fraudulent scheme and particular and reliable indicia that a false Animal Welfare Assurance was submitted as a result of the scheme.

## III. Relator's Amended Complaint Fails to Plead Fraud With Particularity

Relator fails to cite to even one example or instance of a submission of a false claim by BCM (*i.e.*, any details or specificity regarding a purported false certification of compliance with any of these laws submitted by BCM) or details of a fraudulent scheme along with particular and reliable indicia that false statements were submitted as a result of the scheme. Under *United States ex rel. Grubbs v. Kanneganti*, the Amended Complaint must identify with particularity either "an actually submitted false claim" or "***particular details*** of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted." 565 F.3d at 190 (emphasis added). Here, Relator concedes that she has not identified "an actually submitted false claim," *see* Resp.

at 16-17, and the Amended Complaint does not allege the particular details of the alleged fraudulent scheme or any reliable indicia that false claims were submitted, both of which are required under *Grubbs*. *Id.* at 190-191.

Instead of providing particular details, Relator copies and pastes the same threadbare and conclusory allegations from the Amended Complaint in the Response without providing any details about an actually submitted false claim or a fraudulent scheme by BCM paired with reliable indicia that false claims were submitted as a result of the scheme. For example, Relator identifies the Principal Investigators of specific animal research studies at BCM and baldly asserts that those Principal Investigators violated The PHS Policy by allowing untrained individuals to conduct surgeries, botching surgeries, and failing to monitor surgeries properly. Resp. at 18-20. These statements, however, do not allege any particulars suggesting BCM was involved in a scheme to defraud the Government. Resp. at 18-20. For instance, Relator does not allege: (1) any untrained individuals who conducted a surgery; (2) any specific "botched" procedure; or (3) a particular instance where the Principal Investigator failed to monitor a surgery.

Relator argues that the vague and conclusory allegations that certain laboratories violated The PHS Policy "would also necessarily result in false claims to the United States, because the false express certifications made by BCM were required" in order for the labs she identifies "to apply for an continue to receive NIH grants." Resp. at 20. But the Amended Complaint does not include any details regarding what information in BCM's assurances or reports to the Government made them false, which employees at BCM supposedly submitted a false claim or were involved in a scheme to make false reports or

assurances, or when the purported false claims occurred. The lack of these details in the Amended Complaint stands in stark contrast to *Grubbs*, which requires the complaint describe "in detail" "the date, place, and participants" of the alleged fraudulent scheme. *Grubbs*, F.3d at 191-92; *see also U.S. ex rel. Briseno v. Hillcroft Med. Clinic Ass'n*, No. 4:20-CV-02871, 2022 WL 17417178, at *4 (S.D. Tex. Dec. 5, 2022) (shortened) (dismissing *qui tam* complaint under Rule 9(b) for failing to name providers who submitted false claims and the basis for the relator's belief that the claims were false); *see also Gregory G. v. Hous. Indep. Sch. Dist.*, No. CV H-14-2768, 2016 WL 5661701, at *5 (S.D. Tex. Sept. 30, 2016) (finding relators' allegations that the fraudulent scheme occurred over a course of years spanning from at least 2005 to 2013 failed to meet Rule 9(b)'s heightened pleading standard).

## IV. Relator Fails to Plead Materiality

Relator cannot satisfy the FCA's "rigorous" and "demanding" materiality requirement. *Universal Health Servs., Inc. v. U.S. ex rel. Escobar*, 136 S. Ct. 1989, 1996, 2003-04 n.6 (2016). In fact, her Amended Complaint acknowledges that the Federal Government was aware of "ongoing serious programmatic noncompliance" with The PHS Policy as early as 2018, and that it continued to provide grants to BCM for its animal research program, even after learning of the Relator's specific concerns from the Relator herself. *Compare* Am. Compl. ¶ 18 ("In 2018, OLAW placed BCM on enhanced reporting—only one step removed from the termination of federal funding . . .") and *id.* ¶ 165 (". . . on September 19, 2019, OLAW conducted an on-site visit at BCM at which Relator was present. On the visit, OLAW expressed concerns about whether the IACUC

was complying with federal requirements relating to surgical procedures. By email, Relator shared her similar concerns with OLAW on September 29, 2019.") *with id.* ¶ 125 ("The Government paid over $55 million in claims to these PI labs through 2023."). Relator's acknowledgement that the Government knew about the instances of purported noncompliance that Relator contends was the basis of BCM's purported fraudulent claims for payment should end the materiality inquiry. *U.S. ex rel. Harman v. Trinity Indus. Inc.*, 872 F.3d 645, 663 (5th Cir. 2017) ("[C]ontinued payment by the federal government after it learns of the alleged fraud substantially increases the burden on the relator in establishing materiality.").

Relator's argument that the Government did not have "full and actual knowledge of the noncompliance," is belied by her own admission that the Government did have knowledge of the instances of noncompliance. *See* Am. Compl. ¶¶ 18, 165. Even so, the argument is not sufficient to overcome a 12(b)(6) challenge because Relator still fails to identify what the Government purportedly did not know that would have changed its payment decision. Resp. at 25-27; *see U.S. ex rel. Porter v. Magnolia Health Plan, Inc.*, 810 F. App'x 237, 242 (5th Cir. 2020) (affirming dismissal of a *qui tam* complaint for failing to plead materiality, in part, because the Government "took no action" and "continued payments and contract renewals" after informed of alleged statutory violations); *see also U.S. ex rel. Patel v. Cath. Health Initiatives*, 792 F. App'x 296, 301 (5th Cir. 2019) (affirming dismissal of a *qui tam* complaint for failing to plead materiality because of clear evidence the Government continued to pay defendant despite full knowledge of the alleged misrepresentations).

The Government's continued payment despite evidence that it had full knowledge of Relator's concerns also obviates the allegations that BCM violated an "express condition of payment" that went to the "very essence of the bargain" with the Government. Resp. at 22-25; Am. Compl. ¶¶ 72-74. *Escobar* is clear that the Government's decision to "expressly identify a provision as a condition of payment is relevant, but not automatically dispositive." *Escobar*, 136 S. Ct. at 2003. In other words, a violation of a law or regulation is not material just because "the defendant knows that the Government would be entitled to refuse payment were it aware of the violation." *Id.* at 2004. Relator's own filings concede that the Government continued to pay BCM grant funds despite full knowledge of its purported noncompliance with IACUC-approved protocols, and after receiving Relator's specific concerns about compliance with those same protocols in a written email. Resp. at 22-25; Am. Compl. ¶¶ 18, 125, 165. This suggests that BCM's purported misrepresentations do not, in fact, go to the "very essence" of its bargain with the Government.

## V. Relator Fails to Respond to BCM's Argument That The Amended Complaint Fails to Plead Scienter

Relator's Amended Complaint states in a conclusory fashion that "BCM knowingly submitted or caused to be submitted false or fraudulent claims," but fails to include a single factual allegation about who at BCM knew that any false statements or assurances were being made. Am. Compl. at ¶¶ 136, 140, 141. Relator's Response fails to address, much less rebut, BCM's argument that the Amended Complaint fails to adequately plead scienter. *See U.S. ex rel. Schutte v. SuperValu Inc.*, 143 S. Ct. 1391, 1399-1400 (2023) (explaining

that defendants must act with "actual knowledge, deliberate ignorance, or recklessness" to violate the FCA); *see also Stennett v. Premier Rehab.*, LLC, 479 F. App'x 631, 633 (5th Cir. 2012) (affirming dismissal of a *qui tam* complaint for failure to adequately plead scienter).

## VI. Relator Fails to Plead Retaliation

Finally, Relator fails to rebut BCM's arguments that she has not adequately pleaded a retaliation claim under 31 U.S.C. § 3730(h). The Response concedes that in order to state a claim for retaliation under the FCA, she must allege: (1) that she engaged in "lawful acts . . . in furtherance of an action under the [FCA] or other efforts to stop 1 or more violations of [the FCA];" and (2) that the employer must discriminate because the employee is so acting. *Id.* The Amended Complaint fails on both counts.

First, the Amended Complaint does not allege that Relator reported any concerns to BCM about fraud, fraudulent conduct, or about a violation of the FCA, nor does it allege that she was attempting to expose "illegality or fraud" within the meaning of the FCA. *See Briseno*, 2022 WL 17417178, at *7 (finding a relator failed to allege engaging in protected activity under § 3730(h) because relator failed to include "any examples of the actual substance" of her complaints). In her Response, Relator states that substance of eight paragraphs of the Amended Complaint (Am. Compl. ¶¶ 122–23, 135, 162, 163, 165, 166, 168) "[u]nderstood in the proper context" demonstrate that "Relator believed BCM was committing fraud and investigated the systemic false reports at BCM." Resp. at 30-32. This additional context cannot save the Amended Complaint from its failure to link Relator's complaints to concern about fraud against the Government.

Second, Relator's Amended Complaint includes no information suggesting BCM was aware that Relator was motivated by investigating FCA violations. Where there is no basis to believe that an employee is investigating fraud or trying to stop an FCA violation, there is no basis to infer the employer's knowledge of the employee's allegedly protected activity. *U.S. ex rel. Ligai v. ETS-Lindgren Inc.*, No. CIV.A. H-112973, 2014 WL 4649885, at *19 (S.D. Tex. Sept. 16, 2014) (shortened). Consequently, there is no basis to infer that "the employer's retaliation was motivated by the protected activity" despite Relator's protestations about the proximity in time of her complaint and her termination. *See Briseno*, 2022 WL 17417178, at *8 (finding a relator could not establish a causal connection between her discharge and allegedly protected activity because she had not adequately alleged engaging in protected activity in the first place).

## CONCLUSION

For the foregoing reasons, as well as those in BCM's Motion to Dismiss, Relator's Amended Complaint should be dismissed with prejudice. Relator has already amended the complaint once and further amendment, giving Relator a third bite at the apple, would be futile. *Immanuel v. Cable News Network, Inc.*, 618 F. Supp. 3d 557, 561 (S.D. Tex. 2022) (dismissing complaint with prejudice as amendment would be futile).

Dated: August 14, 2023

Respectfully Submitted,

Sara Brinkmann
Attorney-in-Charge
Texas Bar No. 24069919
S.D. Tex. Bar No. 1287802
Adam Robison
Texas Bar No. 24035497
S.D. Tex. Bar No. 608250
KING & SPALDING LLP
1100 Louisiana Street, Suite 4100
Houston, Texas 77002
Tel: (713) 751-3200
Fax: (713) 751-3290
sbrinkmann@kslaw.com
arobison@kslaw.com

**ATTORNEYS FOR DEFENDANT**
**BAYLOR COLLEGE OF MEDICINE**

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2023, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to counsel of record.

*/s/ Sara Brinkmann*
*Counsel for Defendant*