**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** <br> ***ex rel.* DR. CINDY BUCKMASTER,** <br><br> ***Plaintiff/Relator*,** <br><br> **v.** <br><br> **BAYLOR COLLEGE OF MEDICINE,** <br><br> ***Defendant*.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Civil Action No. 3:22-cv-00059** |

---

**DEFENDANT BAYLOR COLLEGE OF MEDICINE'S ANSWER AND AFFIRMATIVE DEFENSES TO RETALIATION CLAIM IN PLAINTIFF DR. CINDY BUCKMASTER'S FIRST AMENDED COMPLAINT**

## ANSWER

Defendant Baylor College of Medicine ("BCM") files this Answer to the retaliation claim under 31 U.S.C. § 3730(h) in Count IV of Plaintiff's First Amended Complaint for Violations of the False Claims Act ("FAC"). Doc. 13. The Court dismissed with prejudice Counts I, II, and III of the FAC on December 20, 2023. Doc. 28. Accordingly, paragraphs 1-19, 21-24, 40-156, 171-185 do not require a response.

As to the remaining paragraphs in the FAC, pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, BCM denies each and every allegation except those expressly admitted below.

The preservation and use of headings or subheadings is merely for convenience to correlate the below paragraphs to the FAC. The headings and subheadings herein do not require an admission or denial and are not admitted.

## INTRODUCTION

1. Paragraphs 1 through 19 contain allegations concerning dismissed Counts I, II, and III and do not require a response. To the extent a response is required, BCM denies the allegations.

2. Regarding Paragraph 20, BCM admits that Plaintiff previously served as Director of BCM's Center for Comparative Medicine. BCM denies the remaining allegations in Paragraph 20.

3. Paragraphs 21 through 24 contain allegations concerning dismissed Counts I, II, and III and do not require a response. To the extent a response is required, BCM denies the allegations.

**THE PARTIES**

4. BCM denies the allegations in Paragraph 25.

5. Paragraph 26 contains allegations concerning dismissed Counts I, II, and III and does not require a response. To the extent a response is required, BCM denies the allegations.

6. BCM denies the allegations in Paragraph 27.

7. Paragraph 28 contains allegations concerning dismissed Counts I, II, and III and does not require a response. To the extent a response is required, BCM denies the allegations.

8. BCM denies the allegations in Paragraph 29. Plaintiff's False Claims Act qui tam causes of action have been dismissed with prejudice. Doc. 28.

9. Regarding Paragraph 30, BCM is without knowledge or information to enable it to form a belief as to the truth of the allegations in Paragraph 30 and therefore denies the same.

10. Regarding Paragraph 31, BCM is without knowledge or information to enable it to form a belief as to the truth of the allegations in Paragraph 31 and therefore denies the same.

11. Regarding Paragraph 32, BCM admits that Plaintiff was hired by BCM's Center for Comparative Medicine ("BCM-CCM") as the Associate Director of Training in July 2005; that Plaintiff was BCM-CCM's Associate Director of Training and Operations beginning in July 2006; and that Plaintiff was promoted to BCM-CCM's Director in July 2011 and remained in that position until her termination effective November 1, 2019. BCM denies the remaining allegations in Paragraph 32.

12. Regarding Paragraph 33, BCM admits that Plaintiff's job responsibilities included oversight of the animal care program for animals involved in biomedical research at BCM and training for BCM animal laboratory technicians. BCM denies the remaining allegations in Paragraph 33.

13. Regarding Paragraph 34, BCM admits that Plaintiff had three successive job titles during her tenure with BCM. BCM denies the remaining allegations in Paragraph 34.

14. BCM denies the allegations in Paragraph 35.

15. Paragraph 36, admitted.

## JURISDICTION AND VENUE

16. The allegations in Paragraph 37 are a legal conclusion to which no response is required. To the extent a response is required, BCM denies the allegations.

17. The allegations in Paragraph 38 are a legal conclusion to which no response is required. To the extent a response is required, BCM denies the allegations.

18. Regarding Paragraph 39, BCM admits that it partners with UTMB in Galveston on research. The remaining allegations in Paragraph 39 are a legal conclusion to which no response is required. To the extent a response is required, BCM denies the remaining allegations in Paragraph 39.

**THE FALSE CLAIMS ACT**

19. Paragraphs 40 through 156 contain allegations concerning dismissed Counts I, II, and III, and do not require a response.

**RETALIATION**

20. Regarding Paragraph 157, Plaintiff's allegations about "concerns related directly to the allegations set forth in this FAC" lack sufficient specificity and are therefore denied. BCM further is without knowledge or information sufficient to form a belief about Plaintiff's reason for communicating with BCM officials regarding any allegations set forth in the FAC. BCM denies the remaining allegations in Paragraph 157.

21. BCM denies the allegations in Paragraph 158.

22. BCM denies the allegations in Paragraph 159. By way of further response, Plaintiff was placed on administrative suspension on October 2,

2019. After Plaintiff refused BCM's offer for Plaintiff to return to work, Plaintiff's employment at BCM was terminated on November 1, 2019.

23. BCM denies the allegations in Paragraph 160.

24. Regarding Paragraph 161, BCM admits that Plaintiff was employed by BCM from July 2005 to November 1, 2019, and that she worked as BCM-CCM's Associate Director of Training, BCM-CCM's Associate Director of Training and Operations, and BCM-CCM's Director. BCM denies the remaining allegations in Paragraph 161.

25. Regarding Paragraph 162, BCM admits that OLAW sent BCM a letter regarding training for individuals working with research animals. BCM denies the remaining allegations in Paragraph 162.

26. Regarding Paragraph 163, BCM admits that the IACUC received a May 12, 2018, letter purportedly sent by Plaintiff and other individuals regarding training for surgical procedures with research animals and that surgical training was an item of discussion for the IACUC in June 2018. BCM denies the remaining allegations in Paragraph 163.

27. Regarding Paragraph 164, BCM is without knowledge or information sufficient to form a belief about what Plaintiff was told by unnamed employees. BCM denies the remaining allegations in Paragraph 164. By way of further response, Plaintiff was placed on administrative suspension

on October 2, 2019. After Plaintiff refused BCM's offer for Plaintiff to return to work, Plaintiff's employment at BCM was terminated on November 1, 2019.

28. Regarding Paragraph 165, BCM admits that OLAW conducted an on-site visit at BCM on September 19, 2019; that Mary Dickinson sought to meet with Plaintiff on September 30, 2019; and that Plaintiff sent an email to Mary Dickinson on October 1, 2019. BCM denies the remaining allegations in Paragraph 165.

29. Regarding Paragraph 166, BCM admits that Plaintiff met with Mary Dickinson and Leigh Knubley of Employee Relations on October 2, 2019. BCM denies the remaining allegations in Paragraph 166.

30. Regarding Paragraph 167, BCM lacks knowledge or information sufficient to form a belief about what Plaintiff was told by unnamed employees. BCM denies the remaining allegations in Paragraph 167.

31. Regarding Paragraph 168, BCM's Progressive Discipline Policy speaks for itself. BCM denies the remaining allegations in Paragraph 168.

32. BCM denies the allegations in Paragraph 169.

33. BCM denies the allegations in Paragraph 170. By way of further response, BCM specifically denies that Plaintiff's termination was a result of protected activities under 31 U.S.C. § 3730(h) or that Plaintiff is entitled to any form of relief.

**COUNTS I – III**
**Federal False Claims Act:**
**31 U.S.C. § 3729(a)(1)**

34. Paragraphs 171 through 185 contain allegations concerning dismissed Counts I, II, and III and do not require a response. To the extent a response is required, BCM denies the allegations.

**COUNT IV**
**Retaliation of Relator in Violation of False Claims Act**
**31 U.S.C. § 3730(h)**

35. Regarding Paragraph 186, BCM incorporates its answers to the preceding paragraphs. To the extent a further response is required, BCM denies the allegations in Paragraph 186.

36. BCM denies the allegations in Paragraph 187.

37. BCM denies the allegations in Paragraph 188.

38. BCM denies the allegations in Paragraph 189.

39. BCM denies the allegations in Paragraph 190.

40. BCM denies the allegations in Paragraph 191.

41. BCM denies the allegations in Paragraph 192.

42. BCM denies the allegations in Paragraph 193.

43. Regarding Plaintiff's Prayer for Relief, BCM specifically denies that Plaintiff is entitled to any of the relief sought in subparagraphs (a) through (h).

44. Regarding Plaintiff's request for a trial by jury, to the extent a response is required, BCM also requests a trial by jury.

## AFFIRMATIVE DEFENSES

The affirmative defenses asserted below are based on BCM's knowledge, information, and belief at this time, and BCM specifically reserves the right to modify, amend, or supplement any affirmative defenses contained herein at any time. BCM reserves the right to assert additional defenses as information is gathered through discovery and investigation. In asserting these defenses, BCM does not allege or admit that it has the burden of proof and/or persuasion with respect to any of these matters and does not assume the burden of proof and/or persuasion with respect to any matter as to which Plaintiff has the burden of proof or persuasion. Subject to the preceding qualifications, BCM asserts the following separate affirmative defenses to the FAC:

### FIRST AFFIRMATIVE DEFENSE
### (Statute of Limitations/Timeliness)

Plaintiff's claim is barred, in whole or in part, by the applicable statute of limitations. Under 31 U.S.C. § 3730(h)(3), a civil action under Section 3730(h) may not be brought more than three years after the date when the retaliation occurred. To the extent Plaintiff seeks relief for any alleged retaliatory act occurring more than three years before the filing of the FAC, such claims are time-barred.

**SECOND AFFIRMATIVE DEFENSE**
**(Failure to Exercise Reasonable Diligence)**

Plaintiff failed to exercise reasonable diligence in pursuing her claim for retaliation in a timely manner. BCM has suffered unfair prejudice as a result of that unreasonable and inexcusable delay.

**THIRD AFFIRMATIVE DEFENSE**
**(No Protected Activity)**

Plaintiff did not engage in conduct protected by 31 U.S.C. § 3730(h). Plaintiff's alleged complaints, if any, concerned internal regulatory compliance, workplace grievances, or general concerns about business practices, and were not lawful acts taken in furtherance of an action under the False Claims Act or efforts to stop one or more violations of the Act.

**FOURTH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate Damages)**

Plaintiff had a duty to mitigate and, with the exercise of reasonable diligence, could have mitigated any alleged monetary damages. Plaintiff failed to exercise such reasonable diligence and has not mitigated such alleged monetary damages. By reason thereof, Plaintiff is barred, in whole or in part, from recovering any damages from BCM.

**FIFTH AFFIRMATIVE DEFENSE**
**(After-Acquired Evidence)**

Plaintiff's claim for relief is barred or limited by the after-acquired evidence doctrine. To the extent BCM discovers, during discovery or otherwise,

evidence of misconduct by Plaintiff that would have resulted in termination had BCM known of it, Plaintiff's recovery of reinstatement, front pay, and back pay must be barred or cut off as of the date of such discovery.

**<u>SIXTH AFFIRMATIVE DEFENSE</u>**
**(Estoppel, Unclean Hands / Illegality, or Other Equitable Doctrines)**

Plaintiff's claims are barred, in whole or in part, to the extent the doctrines of estoppel, unclean hands, illegality, ratification, acquiescence, accord and satisfaction, waiver and/or offset apply.

**<u>SEVENTH AFFIRMATIVE DEFENSE</u>**
**(Limitation of Remedies / Setoff)**

Plaintiff's recovery, if any, is limited to the remedies expressly provided in 31 U.S.C. § 3730(h)(2): reinstatement with the same seniority status, two times the amount of back pay, interest on the back pay, and compensation for special damages, including litigation costs and reasonable attorneys' fees. Plaintiff is not entitled to punitive damages or to any duplicative recovery, and any recovery is subject to setoff for amounts paid to Plaintiff, including severance, unemployment benefits, and interim earnings, as permitted by law.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, having answered the remaining allegations in the FAC and stated its Affirmative Defenses, BCM respectfully requests:

1. That Plaintiff take nothing for her remaining claim for relief alleged in the FAC;

2. That judgment on the FAC, and the claim for relief therein, be entered in favor of BCM and against Plaintiff;

3. For such other and further relief as the Court deems just and proper.

Dated: November 9, 2026

Respectfully submitted,

/s/ Sara Brinkmann
Sara Ann Brinkmann
Attorney-in-Charge
Texas Bar No. 24069919
S.D. Tex. Bar No. 1287802
Adam Robison
Texas Bar No. 24035497
S.D. Tex. Bar No. 608250
King & Spalding LLP
1100 Louisiana Street, Suite 4100
Houston, Texas 77002-5213
Telephone: 713-751-3200
sbrinkmann@kslaw.com
arobison@kslaw.com

*Attorneys for Defendant Baylor College of Medicine*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 9, 2026, a true and correct copy of the foregoing was served on all parties in accordance with the Federal Rules of Civil Procedure.

SIGNED this 9th day of November, 2026.

*/s/ Sara Brinkmann*
Sara Brinkmann