**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| ***ex rel.*** **DR. CINDY BUCKMASTER,** | ) | |
| | ) | |
| ***Plaintiff/Relator*****,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Civil Action No. 3:22-cv-00059** |
| **BAYLOR COLLEGE OF MEDICINE,** | ) | |
| | ) | |
| | ) | |
| ***Defendant*****.** | ) | |

---

**DEFENDANT BAYLOR COLLEGE OF MEDICINE'S REPLY IN SUPPORT OF RULE 41(b) MOTION TO DISMISS PLAINTIFF DR. CINDY BUCKMASTER'S 31 U.S.C. § 3730(h) CLAIM WITH PREJUDICE FOR LACK OF PROSECUTION**

# TABLE OF CONTENTS


I. Dr. Buckmaster's Abandonment of Her § 3730 Retaliation Claim for Three Years Warrants Dismissal.......2

1. Failing to Prosecute for Three Years Is a Clear Record of Delay Under Fifth Circuit Precedent.......2

2. No Lesser Sanction Would Serve the Interests of Justice Because of the Inherent and Uncurable Prejudice to BCM Should the Case Proceed. .......5

II. Each Aggravating Factor the Fifth Circuit Considers Supports Dismissal Here. .......9

1. Dr. Buckmaster's Response Confirms That the Delay Was the Result of Intentional Conduct.......9

2. Dr. Buckmaster, Not Anyone Else, is Responsible for the Delay.......10

3. BCM Would Be Unfairly and Incurably Prejudiced if Dr. Buckmaster's Claim Is Not Dismissed.......13

CONCLUSION .......14

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Ben E. Keith Co. v. Dining Alliance, Inc.*,
80 F.4th 695 (5th Cir. 2023) .......... 12

*Berry v. Cigna*,
975 F.2d 1188 (5th Cir. 1992) .......... 8, 9

*Callip v. Harris County Child Welfare Department*,
757 F.2d 1513 (5th Cir.1985) .......... 4, 9

*Campbell v. Wilkinson*,
988 F.3d 798 (5th Cir. 2021) .......... 10, 11

*In re Deepwater Horizon*,
907 F.3d 232 (5th Cir. 2018) .......... 9

*Griggs v. S.G.E. Management, L.L.C.*,
905 F.3d 835 (5th Cir. 2018) .......... 9

*Harrelson v. United States*,
613 F.2d 114 (5th Cir. 1980) .......... 2, 4

*Hildebrand v. Honeywell, Inc.*,
622 F.2d 179 (5th Cir. 1980) .......... 10, 11

*Morris v. Ocean Systems*,
730 F.2d 248, 252 (5th Cir. 1984) .......... 3, 8

*Porter v. Beaumont Enterprise and Journal*,
743 F.2d 269 (5th Cir. 1984) .......... 12

*Price v. McGlathery*,
792 F.2d 472 (5th Cir. 1986) .......... 8

*Raymond v. University of Houston*,
275 F. App'x 448 (5th Cir. 2008) .......... 3, 10, 11

*Roberts v. Yellen*,
858 F. App'x 744 (5th Cir. 2021) .......... 2, 3, 4, 9

*Savage v. LaSalle Management Co.*,
169 F.4th 553 (5th Cir. 2026) .......... 12

*Sealed Appellant v. Sealed Appellee*,
452 F.3d 415 (5th Cir. 2006) .......... *passim*

*Stearman v. C.I.R.*,
436 F.3d 533 (5th Cir. 2006) .......... 9

*Veazey v. Young's Yacht Sale & Service, Inc.*,
644 F.2d 475 (5th Cir. 1981) .......... 13

**Statutes**

31 U.S.C. § 3730(h)(3) .......... *passim*

## SUMMARY OF THE ARGUMENT

Plaintiff Dr. Cindy Buckmaster promptly abandoned her § 3730(h) claim against Baylor College of Medicine, her employer for nearly fifteen years, after losing three of the four counts alleged in her First Amended Complaint ("FAC") in December 2023. Doc. Nos. 13, 28. Now, despite her intentional decision not to pursue her claim for three years, she asks the Court for an opportunity to pursue it, even though she has no excuse for why neither she nor her attorneys made any effort to prosecute her case.

Rule 41(b) requires a party to prosecute her claims or they will be dismissed. Nothing in Dr. Buckmaster's Response, which includes a declaration not by her or her attorneys, but by the Government Accountability Project ("GAP"), excuses or cures her clear record of delay (***three years***), which far exceeds delays the Fifth Circuit has found to justify Rule 41(b) dismissal. As the Fifth Circuit acknowledges, memories have now faded, evidence deteriorates or disappears, and here, at least two key witnesses are no longer employed by BCM, one of whom has moved out of state. Dr. Buckmaster fails to provide any reason why her attorneys of record failed to act for three years or why she never personally acted to advance her case.

Forcing BCM to defend itself from conduct that allegedly occurred *seven years ago* would penalize BCM for Dr. Buckmaster's own choice not to act. BCM

would not have a fair opportunity to defend itself, and there is no lesser sanction which serves the interests of justice. *See Roberts v. Yellen*, 858 F. App'x 744, 746-747 (5th Cir. 2021) (affirming a Rule 41(b) dismissal where there was clear record of delay and that lesser sanctions would not serve the best interests of justice). BCM therefore respectfully requests that the Court dismiss Dr. Buckmaster's sole remaining § 3730(h) retaliation claim with prejudice.

## I. Dr. Buckmaster's Abandonment of Her § 3730 Retaliation Claim for Three Years Warrants Dismissal.

A Rule 41(b) dismissal is proper when two elements are met: "(a) a clear record of delay or contumacious conduct by the plaintiff, and (b) where lesser sanctions would not serve the best interests of justice." *Roberts*, 858 F. App'x at 746. Both elements are met in this case.

### 1. Failing to Prosecute for Three Years Is a Clear Record of Delay Under Fifth Circuit Precedent.

Dr. Buckmaster's failure to prosecute her claim for thirty-two months constitutes a clear record of delay under Fifth Circuit precedent, supporting dismissal under Rule 41(b). *Id.; Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 418 (5th Cir. 2006); *Harrelson v. United States*, 613 F.2d 114, 116 (5th Cir. 1980). Dr. Buckmaster does not contest this point. Instead, Dr. Buckmaster ignores the Fifth Circuit's clear delay precedent and argues that she was not contumacious, that she met every deadline, and—bizarrely—that it was BCM's

fault that she did not advance her claim. Doc. 38 at 6-8. Even if this were the Fifth Circuit's standard for Rule 41(b) dismissal (it is not), each of her arguments fails.

First, a finding of contumaciousness is not required for dismissal when there is a clear record of delay. *Roberts*, 858 F. App'x at 746, *Sealed Appellant,* 452 F.3d at 418. Dr. Buckmaster's clear record of delay for three years meets the first element of the Fifth Circuit's precedent. Dr. Buckmaster relies on *Morris v. Ocean Systems* and *Raymond v. University of Houston* for the proposition that efforts to secure substitute counsel negate contumacious conduct or a clear record of unwarranted delay. Doc. No. 38 at 6. But again, those are not applicable here. Dr. Buckmaster does not argue that she had trouble securing substitute counsel. Nor does the record support such an assertion. Her current attorneys of record have been her attorneys for more than three years, and her newest appearing attorney is affiliated with GAP, which has been representing her from the beginning of this case.

In addition, the delays in *Morris* and *Raymond* were much shorter—*Morris* involves a delay of <u>eight months</u> (730 F.2d 248, 252 (5th Cir. 1984)), and *Raymond* concerns two delays totaling <u>ten months</u> (275 F. App'x 448, 450 (5th Cir. 2008)). Dr. Buckmaster's delay in this case is more than three times those delays. Dr. Buckmaster's inactivity is much closer to—although still well in excess of—the delays in other Fifth Circuit cases that have affirmed Rule

41(b) dismissals—*Roberts* (twenty-six months), *Sealed Appellant* (twenty-one months), and *Harrelson* (twenty-two months).

Second, Dr. Buckmaster's compliance with deadlines is likewise irrelevant to whether there is a clear record of delay. Dr. Buckmaster points to *Callip*, *Harrelson*, and *Roberts,* which all involved disregard of court orders and warnings. Doc. 38 at 7. But none of those cases found that a party's disregard of court orders was required to sustain a finding of a clear record of delay, and it is not required by either Rule 41(b) or the Fifth Circuit's precedent in affirming dismissal. *See Callip v. Harris Cnty. Child Welfare Dept.*, 757 F.2d 1513, 1519 (5th Cir.1985); *Harrelson*, 613 F.2d at 116; *Roberts*, 858 F. App'x at 746-747.

Third, no one else had an obligation to advance Dr. Buckmaster's case. Dr. Buckmaster suggests that the Court and BCM somehow share responsibility for nearly three years of inactivity on the docket. Doc. 38 at 8. But, as noted in *Sealed Appellant*, "after the unsealing . . . ***the burden to prosecute rested solely on Appellant***." *Sealed Appellant*, 452 F.3d at 419 (rejecting suggestion that Government was responsible for delays) (emphasis added). Dr. Buckmaster points out that BCM did not answer her § 3730(h) claim, as if that excuses, or would have any bearing on, her own decision not to prosecute her claim for three years. But that proves the point. Dr. Buckmaster led BCM to believe that she had abandoned that claim by her own

failure to prosecute it for three years. In any event, BCM has now filed its answer, denied each and every allegation of retaliation, and asserted its affirmative defenses.

Dr. Buckmaster also argues that discussions to resolve the case right after the Court's order dismissing three of her four counts obviated her responsibility to pursue her case. Doc. 38 at 8. Even if this statement were true – and BCM does not agree with Dr. Buckmaster's characterization of the timeline – the law still requires a party to prosecute her claim. Further, the Declaration attached to Dr. Buckmaster's Response states that such talks ended in September of 2024 and provides no reason why nothing else was done after that. Doc. 38-1, para. 11. In other words, Dr. Buckmaster has no answer for why she did not prosecute her claim for nearly 2 years after she contends settlement discussions broke off. The obvious answer is that Dr. Buckmaster intentionally chose to abandon her claim, and she cannot revive it now.

**2. No Lesser Sanction Would Serve the Interests of Justice Because of the Inherent and Uncurable Prejudice to BCM Should the Case Proceed.**

If Dr. Buckmaster were allowed to pursue her claim after three years of inactivity, BCM would be required to defend a § 3730(h) retaliation claim based on alleged conduct in 2019, ***seven years ago***. Congress set the statute of limitations for this claim for three years for a reason. 31 U.S.C. § 3730(h)(3).

BCM agrees Dr. Buckmaster filed her lawsuit within the limitations period, but Dr. Buckmaster is asking to prosecute her claim after three years of delay and four years after the three-year statute of limitations expired. The Fifth Circuit is clear that "Delay alone can result in prejudice if the statute of limitations has run: '[E]vidence deteriorates or disappears, memories fade, and witnesses die or move away.'" *See Sealed Appellant*, 452 F.3d at 418 (citation omitted)).

The prejudice here is clear. Two of BCM's former employees who would have been key witnesses in this case, Dr. Mary Dickinson and Ms. Janet Allen, are no longer employed by BCM, and Dr. Dickinson lives outside of the Court's subpoena range. BCM has upheld its preservation obligations, but doing so did not prevent memories from fading or key witnesses from relocating outside subpoena range.

Dr. Buckmaster tries to distinguish *Sealed Appellant* as a delay-in-service case, suggesting that it does not apply at all. Doc. 38 at 10. But Dr. Buckmaster misses the point. BCM relies on *Sealed Appellant* because it recognizes the unfair prejudice a party can suffer from another party's delay regardless of whether service has occurred, especially when the statute of limitations has run. BCM does not seek to have the Court ignore the question of lesser sanctions. Indeed, BCM's proposed order expressly asks the Court to find that lesser sanctions would not serve the best interests of justice. *See* Doc.

36-2. The Court may consider the statute of limitations and the clear delay of the plaintiff in prosecuting the claim in determining whether there is unfair prejudice to BCM. *See Sealed Appellant*, 452 F.3d at 418.

Dr. Buckmaster also faults BCM for not suggesting lesser sanctions instead of dismissal. Doc. 38 at 12. But that is precisely the point—no lesser sanctions could serve the interests of justice.

Lesser sanctions cannot restore the memories of the relevant witnesses, nor can they compel Dr. Dickinson (living in Maine and beyond BCM's control) or Ms. Allen (retired and beyond BCM's control) to participate in preparing BCM's defense. And Dr. Buckmaster knows well the importance of Dr. Dickinson to BCM's ability to respond to Dr. Buckmaster's allegations. Dr. Dickinson was Dr. Buckmaster's supervisor, Dr. Buckmaster reported to Dr. Dickinson, and Dr. Buckmaster names and makes allegations about Dr. Dickinson's conduct seven times in her FAC. *See, e.g.*, Doc. 13, para. 164 (specifically describing Dr. Dickinson as the individual wanting to "find a way to push [Dr. Buckmaster] out"), para. 165 (naming Dr. Dickinson as the person who reached out to Dr. Buckmaster on September 30, 2019 for a meeting, and also naming Dr. Dickinson as the person who received Dr. Buckmaster's email about contacting OLAW), para. 166 (naming Dr. Dickinson as part of the meeting in which Dr. Buckmaster was removed from her role as Director of BCM-CCM), and para. 167 (alleging that Dr. Dickinson was having

conversations with Dr. Buckmaster's subordinates about Dr. Buckmaster's removal in September 2019—a month before Dr. Buckmaster informed Dr. Dickinson of her report to OLAW). Dr. Dickinson's mental impressions and intentions ***from seven years ago*** will thus be central to this case. Had Dr. Buckmaster diligently pursued this claim, Dr. Dickinson would have been under BCM's control in answering these allegations. Instead, BCM is faced with both the certain decrease of Dr. Dickinson's recollection of events occurring over seven years ago, and the inherent limitations on Dr. Dickinson's participation in BCM's defense as a non-party witness.

Tellingly, Dr. Buckmaster likewise proposes no "lesser sanction" that could cure the unfair prejudice BCM would suffer in its ability to defend the case. That is because none exists.

Dr. Buckmaster then argues that *Berry v. Cigna*, 975 F.2d 1188, 1191 (5th Cir. 1992), requires the Court to find that lesser sanctions would not prompt diligent prosecution or to find that lesser sanctions were tried and proved futile before entering a Rule 41(b) dismissal. Doc. 38 at 6. But that's not the only formulation of the Fifth Circuit's standard. Indeed, three of the four cases *Berry* cites reiterate that a court must only consider whether lesser sanctions would serve the best interests of justice and do not provide a specific formulation of what such consideration entails. *See Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986); *Callip*, 757 F.2d at 1519; *Morris,* 730 F.2d at 252.

A district court judge has discretion in determining whether dismissal is warranted, and the Fifth Circuit does not require the judge to first issue lesser sanctions before dismissing the case. A clear reading of *Berry* confirms that. In addition, the Fifth Circuit has recognized that there are "variations in the standard's precise language." *In re Deepwater Horizon*, 907 F.3d 232, 235 n.1 (5th Cir. 2018). And in *Sealed Appellant*, the Fifth Circuit recognized that there are situations in which Rule 41(b) dismissal is warranted, even without precise application of *Berry*. *Sealed Appellant*, 452 F.3d at 420.

## II. Each Aggravating Factor the Fifth Circuit Considers Supports Dismissal Here.

The Fifth Circuit typically considers three aggravating factors in affirming the grant of a Rule 41(b) motion: (1) whether the delay was the result of intentional conduct; (2) whether the plaintiff bears personal responsibility for the delay; and/or (3) the degree of prejudice to the defendant. *Roberts*, 858 F. App'x at 746; *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018); *Stearman v. C.I.R.*, 436 F.3d 533, 535 (5th Cir. 2006) (per curiam). All three factors are present here and support granting the Rule 41(b) motion.

### 1. Dr. Buckmaster's Response Confirms That the Delay Was the Result of Intentional Conduct.

Dr. Buckmaster's Response itself provides the best evidence for Dr. Buckmaster's intentionality. Dr. Buckmaster maintains that she "remained in contact with her attorneys throughout," and Ms. Ayers states in her

declaration that Dr. Buckmaster "asked her counsel for status reports on her case and expressed frustration with its progress" throughout the three-year period. Doc. 38 at 4, 10 (citing Doc. 38-1, para. 11). As stated by the Fifth Circuit, "there comes a point at which the deficiency in counsel's performance puts the plaintiff on notice that, unless a new lawyer is obtained, the very continuation of the lawsuit is threatened." *Sealed Appellant*, 452 F.3d at 419 (internal quotation and citation omitted).

**2. Dr. Buckmaster, Not Anyone Else, is Responsible for the Delay.**

Dr. Buckmaster also suggests that the three-year delay was not her personal responsibility and is instead the fault of GAP's former director, Mr. Kolar, who became ill in December 2025. Doc. 38 at 9. This excuse is incomplete at best. Mr. Kolar never appeared in this case and was not one of her three attorneys of record. Even if it were true that Mr. Kolar bore all of the responsibility for the entire case (which it is not, since he was never her attorney of record), Mr. Kolar's failure to prosecute this case for nearly two years after the court's December 2023 ruling, before his health is said to have declined in late 2025, is still unexplained.

Dr. Buckmaster relies on *Raymond v. University of Houston, Hildebrand v. Honeywell, Inc.*, and *Campbell v. Wilkinson*, cases where dismissals under

Rule 41(b) were overturned despite the failures of counsel. *Id.* But each of those cases are distinguishable.

In *Raymond*, the court determined that a seven-month delay was "wholly attributable to the serious health problems" of counsel and therefore not sufficient grounds for dismissal. 275 F. App'x at 450. And in *Hildebrand*, the court explained that the plaintiffs were overseas on a work assignment. 622 F.2d 179, 181 (5th Cir. 1980). Likewise, *Campbell* concerned a 45-day delay, with the Fifth Circuit expressly noting that the defendant was not prejudiced. 988 F.3d 798, 802 (5th Cir. 2021).

Here, Dr. Buckmaster's inactivity stretched thirty-two months—far more than any of the cases Dr. Buckmaster cites; Dr. Buckmaster had no excuse for her delay, including relocation overseas; none of her three appearing attorneys had any health problems or lacked the ability to prosecute the case; and BCM would suffer actual unfair prejudice if the case is not dismissed.

Further, Mr. Kolar's health problems cannot be wholly responsible for the delay. They began in "late 2025"—approximately two years after the Court partially granted BCM's Motion to Dismiss. Doc. 38-1, para. 7. And Mr. Kolar never appeared as one of Dr. Buckmaster's attorneys of record.

The delay here was wholly attributed to Dr. Buckmaster. She has no explanation for why neither she nor her attorneys took any action, why she did not act to secure alternative counsel, or why she did not advise the Court or

BCM of any difficulties in prosecuting her claim or finding other attorneys to do so for three years.

Finally, even if the delays in this case are attributable only to Dr. Buckmaster's attorneys, and not her, dismissal here would still be warranted. In March of this year, the Fifth Circuit affirmed a district court's dismissal with prejudice even as it found that there was "no indication that the delays in this case are attributable to Plaintiff, as opposed to his Counsel." *Savage v. LaSalle Mgmt. Co.*, 169 F.4th 553, 557 n.5 (5th Cir. 2026) (citing *Ben E. Keith Co. v. Dining All., Inc.*, 80 F.4th 695, 702 n.7 (5th Cir. 2023). The Fifth Circuit made clear that: "[W]here an attorney's conduct falls substantially below what is reasonable under the circumstances, ***the party may not avoid the consequences of the acts or omissions of his freely selected agent***." *Id.*

*Savage* is consistent with years of Fifth Circuit precedent affirming dismissal where the delay was attributed to counsel and not the plaintiff. *See, e.g.*, *Sealed Appellant*, 452 F.3d at 420 n.10 (discussing cases in which dismissal was affirmed despite the plaintiff's "innocence," and noting that in *Porter v. Beaumont Ent. and Journal*, 743 F.2d 269, 271-72 (5th Cir. 1984), the Fifth Circuit affirmed dismissal for inaction by counsel "without discussing whether the plaintiff participated in the delay or was innocent").

### 3. BCM Would Be Unfairly and Incurably Prejudiced if Dr. Buckmaster's Claim Is Not Dismissed.

Two of BCM's key witnesses have left BCM's employment, and no doubt other witnesses' memories have faded since the 2019 conduct that Dr. Buckmaster claims violated § 3730(h). *See supra* Section I.2. Dr. Buckmaster protests that BCM does not explain how the relocation of witnesses or the passage of time impairs BCM's defense. Doc. 38 at 10-11. Yet, the Fifth Circuit has found that this type of delay creates prejudice supporting dismissal. *Sealed Appellant* expressly contemplates the prejudice BCM has suffered, noting that "memories fade, and witnesses die or move away." 452 F.3d at 418. In *Veazey v. Young's Yacht Sale & Service, Inc.*, the Fifth Circuit found that, "[d]elay alone can infuse an adverse element into the proper flow of litigation: evidence deteriorates or disappears, memories fade, and witnesses die or move away. ***If the delay is unjustified, the court can and must act to redress the balance***." 644 F.2d 475, 477–78 (5th Cir. 1981); *see also Sealed Appellant,* 452 F.3d at 418 (reiterating that finding).

Dr. Buckmaster has provided no justification for the three-year delay. It is unjustified, and the Court can dismiss the case to redress the balance and avoid penalizing BCM for Dr. Buckmaster's intentional choice to abandon her claim.

## CONCLUSION

For the reasons stated herein, BCM requests the Court dismiss Dr. Buckmaster's abandoned § 3730(h) retaliation claim with prejudice pursuant to Federal Rule of Civil Procedure 41(b) and enter a final judgment in this case.

Dated: November 10, 2026

Respectfully submitted,

*/s/ Sara Brinkmann*
Sara Ann Brinkmann
Attorney-in-Charge
Texas Bar No. 24069919
S.D. Tex. Bar No. 1287802
Adam Robison
Texas Bar No. 24035497
S.D. Tex. Bar No. 608250
King & Spalding LLP
1100 Louisiana Street, Suite 4100
Houston, Texas 77002-5213
Telephone: 713-751-3200
sbrinkmann@kslaw.com
arobison@kslaw.com

*Attorneys for Defendant Baylor College of Medicine*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 10, 2026, a true and correct copy of the foregoing was served on all parties in accordance with the Federal Rules of Civil Procedure.

SIGNED this 10th day of November, 2026.

*/s/ Sara Brinkmann*
Sara Brinkmann